(Pleito No. 221.—Fallado el 3 de Noviembre de 1902.)

## QUIÑONES contra LEDESMA.

RECURSO contra sentencia dictada por la Corte de Distrito de Arecibo.

DESAHUCIO.—En el juicio de desahucio debe limitarse el tribunal á examinar y resolver la procedencia de la acción ejercitada con la persona que es objeto de desahucio, no siendo el adecuado para hacer declaraciones de derecho más ó menos controvertibles, que es cuestión propia de otro juicio.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á tres de Noviembre de mil novecientos dos, en el juicio de desahucio de dos fincas rústicas, seguido en la Corte de Arecibo por la sociedad mercantil que gira en dicha plaza bajo la razón social de Ledesma, Artau y Cª, con Don Rodulfo Quiñones y Don Esteban Rivera, agricultores, vecinos de Utuado, pendiente ante Nos, en virtud de recurso de casación por infracción de ley, interpuesto por los demandados, dirigidos y representados por el Letrado Don Manuel Oscar Figueroa, no habiendo comparecido en este Tribunal Supremo la parte recurrida.—Resultando: Que Ledesma, Artau y Cª, por medio de su Abogado Don Félix Santoni, acompañando primera copia de la escritura de venta con pacto de retro otorgado á favor de Ledesma, Artau y Cª por Doña Francisca Rodríguez y Gutiérrez y Manuel Rivera, de varias fincas, en diez y nueve de Marzo de mil ochocientos noventa y ocho, con nota de haber sido inscrita en el Registro de la Propiedad y las diligencias que promovió sin éxito la sociedad demandante en el Juzgado Municipal de Utuado sobre requerimiento previo á los demandados para desalojar las fincas en el término de treinta días, presentó escrito de demanda de desahucio ante aquel Tribunal del Distrito contra Rodulfo Quiñones y Esteban Rivera, alegando como hecho, que los dichos Ledesma, Artau y Cª habían adquirido por la referida escritura pública, entre otras, dos fincas rústicas que describe

en la siguiente forma: la primera situada en el barrio de
Viví-Arriba, del término municipal de Utuado, compuesta
de ochenta y una cuerdas, cincuenta y cuatro céntimos de
otra, equivalentes á treinta y dos hectáreas, tres áreas, veinte
y siete centiáreas de terreno quebrado en pastos y malezas,
con plantaciones de café y plátanos, contiene casas y colinda
por el norte con terrenos de Manuel Rivera y Francisco
Vázquez, y el camino vecinal de Jauca; al sud, con los de la
sucesión de Don Cayetano Cuadra y Don José Gordils; al
saliente con los de Don Benito Ruiz y Don Mateo Oquendo;
y al poniente con las del citado Ruiz y el río Viví; y la
otra radicada en el mismo barrio y término que la anterior,
se compone de sesenta cuerdas, equivalentes á veinte y tres
hectáreas, cincuenta y ocho áreas y veinte y cuatro cen-
tiáreas de terrenos en pastos y malezas, con plantaciones de
café y plátanos, encierra casas rústicas y confina al norte
con tierras de Don Angel Bustamante; al sud con las de
Don José Orta; al saliente con las de Manuel Rivera, y al
poniente con las de Felipe Casalduc; que Rodulfo Quiño-
nes tiene en precario y sin pagar merced alguna la finca de
ochenta cuerdas y Esteban Rivera en el mismo concepto la
de sesenta cuerdas, y que ambos han sido requeridos para
que desalojasen y las dejasen á disposición de Ledesma,
Artau y Cª con todas sus dependencias, dentro de un mes,
sin resultado alguno, y como fundamento de derecho expuso
el texto del artículo 348 del Código Civil; que el desahucio
procede contra cualquiera persona que disfrute ó tenga en
precario una finca, sea rústica ó urbana, sin pagar merced,
siempre que fuere requerida con un mes de anticipación
para que desocupara, y la doctrina de las sentencias de la
Corte Suprema de España, de diez y nueve de Marzo de mil
ochocientos ochenta y cuatro, treinta de Junio de mil
ochocientos ochenta y siete y veinte de Junio del mismo
año, solicitando en la súplica se declarara, previa celebración
del juicio verbal correspondiente, haber lugar al desahucio,
condenando en las costas á los demandados.—Resultando:

Que admitida la demanda, se celebró el juicio verbal, y en este acto el Abogado Don Manuel Oscar Figueroa se opuso á la demanda, y concedido el traslado, formuló su contestación alegando que los demandados no poseen las fincas en precario, sino en concepto de maridos de dos hijas de Manuel Rivera, vendedor, habidas en su primer matrimonio con Doña Florentina Ramos, y que estos bienes fueron adquiridos por Rivera con el producto de los bienes de la sociedad conyugal y que no ha vencido el término dentro del que pueden utilizar el derecho de retrotraer las fincas vendidas, alegando como fundamentos de derecho los artículos 1,254 al 1,258, 438, 440, 442 y en la base 11 del Código Civil y varias sentencias del Tribunal Supremo, terminando por solicitar que se declare sin lugar la demanda, con las costas á los demandantes.—Resultando: Que como prueba exigió la parte actora confesión á los demandados, que declararon en el acto del juicio oral que poseen una finca de los demandantes sin pagar precio porque en ellas tienen derecho sus respectivas esposas y la parte demandada utilizó la misma, absolviendo preguntas Don Eduardo Artau, gestor de Ledesma, Artau y Cª, se unieron á autos varios documentos. —Resultando: Que el Tribunal del Distrito dictó en veinte y uno de Enero último sentencia por la cual se declara con lugar el desahucio intentado por la sociedad Ledesma, Artau y Cª contra Don Rodulfo Quiñones y Don Esteban Rivera á quienes en consecuencia se condena á desalojar en el término de veinte días las fincas que ocupan, apercibidos de ser lanzados si no lo hacen en dicho término con imposición de todas las costas.—Resultando: Que contra dicha sentencia estableció recurso de casación por infracción de ley y por error en la apreciación de las pruebas, el Abogado Don Manuel O. Figueroa en representación de los demandados, fundándolo en los números 1, 2, 3 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando las infracciones textualmente como siguen:—1º La infracción del artículo 1,261 del Código Civil, por su no aplicación, por cuanto

para que exista el precario es indispensable que haya sido probado el ruego ó súplica, con el fin de que concurran los tres requisitos de consentimiento, objeto y causa, esenciales para la validez de los contratos.—2º La infracción de los artículos 657 y 440 del Código Civil, por su no aplicación, por cuanto estando mis representados en posesión de las fincas rústicas descritas en la demanda del adverso, á título de herederos de Doña Florentina Ramos, por haberlas sucedido desde el momento de su muerte en sus derechos y obligaciones, es evidente que no era precario el contrato en virtud del cual están en legítima y muy justa posesión civil y sí el carácter que tienen de herederos de los bienes relictos al óbito de su señora madre la finada Doña Florentina Ramos. —3º La infracción del artículo 1,257 del Código Civil, por su no aplicación, por cuanto habiendo sido celebrado el contrato que es base y fundamento de la disentida acción de desahucio, entre Don Manuel Rivera (a) Gallego y la expresada mercantil, jamás ni nunca debieron ser demandados en desahucio mis representados, Don Rodulfo Quiñones y Don Esteban Rivera, como maridos de las legítimas hijas de Doña Florentina Ramos, que no han tomado arte ni parte en el otorgamiento del referido contrato.—4º La infracción de los artículos 1,218, 1,232 y 1,248 del Código Civil, por su no aplicación, por cuanto haciendo prueba plena los documentos públicos, la confesión en juicio y las declaraciones de los testigos, existe un error de hecho, pues que de los documentos que en autos constan, así como también de la prueba confesoria y testifical practicada en la vista pública de este pleito, resulta, y dicho sea con el debido respeto, una equivocación evidente del Juzgador, habida consideración á que probada consta la posesión civil y al mismo tiempo legítima que mis representados tienen en las fincas objeto del presente litigio.—Esto por lo que respecta al error de hecho. Ahora bien: en cuanto á lo que al error de derecho se refiere, se ha hecho caso omiso de las pruebas de documentos públicos, confesión en juicio y declaraciones de testigos aportadas

á esta cuestión litigiosa; pruebas que acreditan el carácter de herederos que tienen mis representados y, por consiguiente, de justos poseedores en ese concepto, de los expresados inmuebles; considerando, por las razones expuestas, infringidos de hecho y de derecho, los precitados artículos del mencionado Código Civil.—5.° La infracción del artículo 1,563 de la Ley de Enjuiciamiento Civil, caso 3.° y de las sentencias del Tribunal Supremo Español, respecto del desahucio por precario, de veinte de Junio de mil ochocientos ochenta y siete y veinte y uno de Abril de mil ochocientos ochenta y cuatro, por su no aplicación, que hacen referencia á los casos en que el precario haya sido probado; pues el hecho solo del aviso con un mes de anticipación, ni es el contrato de precario ni muchísimo menos su prueba; sino el medio para dar por terminado el precario cuando existe; siendo imprescindible, por lo tanto, que de contrario se pruebe que existió el repetido precario. tal como existe reconocido por la Ley 1.ª del Digesto "De precario," que definiendo á éste, dice: Que es una concesión ó merced que se hace á uno en virtud de sus ruegos para usar de alguna cosa mientras se lo permita el concedente"; y no constando en autos, lo acabado de expresar, es evidente la falta de acción, en este caso, para desahuciar á mis representados, que poseen, no á título de precario y sí de herederos y sucesores de su legítima señora madre la repetida Doña Florentina Ramos, según lo tienen probado confesoria, documental y testificalmente en autos.—Resultando: Que admitido por el Tribunal Supremo del Distrito el recurso interpuesto se personó ante este Tribunal Supremo aquel abogado á nombre de los recurrentes, celebrándose la vista sin que concurriera ninguna de las partes.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que el juicio de desahucio no es el adecuado para hacer declaraciones de derecho más ó menos controvertibles, debiendo limitarse en él los Tribunales á examinar y resolver la procedencia de la acción ejercitada en relación con la persona que es objeto

de desahucio.—Considerando: Que habiendo adquirido Ledesma, Artau y Cª las fincas objeto de desahucio por título de compra, y por escritura pública, que ha sido inscrita en el Registro de Propiedad, tiene el dominio y la posesión civil y real de las mismas, mientras que la inscripción no se cancele.—Considerando: Que en su consecuencia y no habiendo acreditado los demandados Quiñones y Rivera tener título alguno para poseer y disfrutar las fincas ni pagar merced, no pueden tener otro carácter legal que el de tenedores precarios de ellas.—Considerando: Que cualquier derecho hereditario que los demandados pudieran alegar, ó sobre la eficacia del título, sería cuestión propia de otro juicic, que no puede oponerse en este desahucio.—Considerando: Que por estas razones no son procedentes los motivos de casación que se alegan por los recurrentes ni, por tanto, ha infringido el Tribunal sentenciador las disposiciones que se citan.—Fallamos: Que debemos declarar y declaramos sin lugar el recurso con las costas á los recurrentes; y, con certificación de esta sentencia, devuélvase lo actuado al Tribunal sentenciador para lo que proceda.—Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á tres de Noviembre de mil novencientos dos.—Antonio Castro, *Secretario*.